UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROUNDTABLE HEALTHCARE PARTNERS, L.P., a Delaware Limited Partnership,<br><br>                                   Plaintiff,<br><br>v.<br><br>ANGIOTECH PHARMACEUTICALS (U.S.), INC., a Washington Corporation,<br><br>                                   Defendant. | **JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**<br><br>Civil Action No.: 08-CV-02968 (MGC)<br><br>Filed Electronically |

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff RoundTable Healthcare Partners, L.P. ("RoundTable") and Defendant Angiotech Pharmaceuticals (U.S.), Inc. ("Angiotech") submit this Joint Report.

## I.    PROCEDURAL BACKGROUND

### A.    Joint Procedural Background

RoundTable filed its Complaint in this Court on March 21, 2008. Service was completed on March 28, 2008. Angiotech filed and served its Answer and Counterclaims on April 17, 2008. RoundTable filed its Answer to Counterclaims on May 8, 2008.

## II.   RULE 26(F) MEET AND CONFER

Beginning on May 23, 2008, the parties met and conferred telephonically pursuant to Rule 26(f). The parties discussed the following topics: the nature of the claims and defenses, possibilities for prompt settlement or resolution of the case, the discovery schedule and the case schedule, whether a protective order is appropriate for this case, and methods to limit the burdens and costs of discovery. This report is submitted to the Court pursuant to Rule 26(f) in preparation for the Rule 16 conference set for June 24, 2008.

### A. Nature of Claims and Defenses

This case arises out of Angiotech's purchase of a medical device manufacturing company, American Medical Instruments Holdings, Inc. ("AMIH"), from RoundTable and other entities. As a part of this transaction, Angiotech and RoundTable entered into a Stock Purchase Agreement and an Escrow Agreement. Under the terms of the Escrow Agreement, Angiotech placed $20 million of the sales proceeds that would otherwise be owed to RoundTable into an escrow fund to secure the representations and warranties about AMIH made in the Stock Purchase Agreement. Approximately $13.5 million (plus interest accrued) remains at issue in this dispute.

Both parties allege that they are entitled to the amount remaining in the escrow fund under the terms of the agreements between the parties. Each party denies that the other is entitled to the escrow funds and denies the allegations of the other party.

RoundTable alleges that it is entitled to the escrowed funds because Angiotech has: (1) wrongfully alleged that it is entitled to escrow funds due RoundTable, (2) failed to provide the basis and/or documentation for its claims as required by the agreements at issue; (3) persists in refusing to direct the release of the remaining escrow funds plus accumulated interest and (4) refuses to return tax refund monies owed to RoundTable. In addition, RoundTable notes that, on April 4, 2007, Angiotech submitted an Escrow Claim Notice requesting the entire $20 million in the Escrow Account. On February 21, 2008, Angiotech admitted that approximately $6.5 million of its claims were without merit, and on or about March 13, 2008, that amount was released from the Escrow Account to RoundTable.

Angiotech alleges that it is entitled to the escrowed funds because it submitted a timely and proper notice of its claim to the escrow funds to remedy damages due to multiple breaches of the representations and warranties regarding AMIH contained in the Stock Purchase Agreement. Angiotech likewise alleges that any alleged failure to provide documentation for its claim is due to RoundTable's refusal to cooperate with

Angiotech in good faith to facilitate the exchange of information regarding Angiotech's claim to the escrow funds in a manner that would preserve the sensitive, confidential, and often privileged, nature of those materials. Indeed, Angiotech alleges that RoundTable has consistently refused to work with Angiotech in good faith to resolve the parties' respective claims to the escrow funds. Finally, Angiotech alleges that RoundTable has breached its obligation to pay certain taxes relating to AMIH for the period it owed AMIH and has received the benefit of the use of a lease belonging to Angiotech for office space. Angiotech's disputes RoundTable's description of the course of the parties' conduct after Angiotech submitted its claim. Contrary to RoundTable's description, Angiotech agreed to release $6,512,319 of the escrow funds when it determined, after appropriate and necessary further investigation and remediation work, that its damages were less than it originally calculated.

    **B.**    **Possibilities for Settlement**

Both parties are interested in settling this case and have had informal discussions on settlement.

    **1.**    **RoundTable's Statement on Possibilities for Settlement**

RoundTable believes that, in light of Angiotech's cancellation of long-scheduled June 19, 2008 settlement talks and Angiotech's refusal to provide any documentary evidence of its claims and insistence (as discussed in C) that it does not even know the amount of its claims, mediation may be appropriate but not at the expense of setting a firm schedule that moves the case forward.

    **2.**    **Angiotech's Statement on Possibilities for Settlement**

Angiotech believes that early mediation would be appropriate for this case. Again, Angiotech disputes RoundTable's representations regarding settlement discussions. Contrary to RoundTable's assertion, the June 19, 2008 meeting was arranged on May 29, 2008. Angiotech further notes that Angiotech's alleged failure to

provide documentation for its claim is due to RoundTable's refusal to cooperate with Angiotech in good faith to facilitate the exchange of information regarding Angiotech's claim to the escrow funds in a manner that would preserve the sensitive, confidential, and often privileged, nature of those materials.  Finally, Angiotech notes that the full extent of its damages will not be final until the remediation is complete.

### C. Discovery Schedule and Case Schedule

The parties could not agree to a discovery schedule or a case schedule.  Therefore, the positions of each party as to these issues are set forth separately below.

#### 1. RoundTable's Proposed Schedule

RoundTable proposes the following case schedule:

- July 24, 2008:  Exchange of initial disclosures, deadline for joining additional parties, deadline for amending pleadings, and RoundTable files its motion for summary judgment on the legal issue of whether Angiotech's failure to provide documentary support of its claims as required by the agreements precludes Angiotech from obtaining the escrow funds;[1]
- October 31, 2008:  Fact discovery completed;
- December 15, 2008:  Expert reports exchanged;
- January 15, 2009:  Rebuttal reports exchanged;
- February 15, 2009:  Expert discovery completed;
- March 15, 2009:  Deadline to file all motions other than summary judgment;
- May 1, 2009:  Joint Pre-Trial Order submitted;

---

[1] RoundTable contends that this motion was fully briefed and set for oral argument in the Illinois case before its dismissal.  Angiotech contends that this motion was premature when it was filed in the Illinois case and remains premature now.

4

- May 15, 2009: Final Pre-Trial Conference;
- June 1, 2009: Trial.

### 2. Angiotech's Proposed Schedule

Angiotech proposes the following case schedule based on its ongoing remediation schedule:[2]

- June 2010: Discovery commences when remediation work is substantially complete on all AMIH facilities;
- July 2010: Deadline to join parties and amend pleadings follows 30 days after the commencement of discovery;
- July 2011: Fact discovery completed 120 days after all remediation work is complete;
- August 2011: Expert reports exchanged;
- September 2011: Rebuttal reports exchanged;
- October 2011: Expert discovery completed;
- December 2011: Deadline for dispositive motions;
- March 2012: Joint Pre-Trial Report and Final Pre-Trial Conference;
- April 2012: Trial.

### 3. RoundTable's Position On Angiotech's Request For A Stay

In the parties' initial 26(f) conference, Angiotech proposed a two year discovery period (running through 2010). After RoundTable indicated its opposition to such a lengthy discovery period, Angiotech then indicated it planned to request a stay until

---

[2] Angiotech states that the schedule proposed by RoundTable above was not discussed during the parties' meet and confer teleconferences and that each bullet item is different than the schedule RoundTable proposed. RoundTable states that the schedule it proposes is only slightly different from the one it proposed during the parties' meet and confer teleconferences, and that Angiotech stated its intention to seek a stay of discovery to which RoundTable did not agree.

2010.  RoundTable is opposed to any such stay, and notes that Angiotech's original proposal of discovery running until 2010 makes clear that there is discovery that can be completed now, even assuming, *arguendo*, that Angiotech could make a claim based on documents and damages that would not be known until 2010.  RoundTable further notes that during the week of June 16, 2008, it intends to re-serve Angiotech with discovery requests that were previously served in the Illinois case but stayed pending resolution of Angiotech's transfer motion.  RoundTable further states that such a stay would contravene the parties' contract.

### 4. Angiotech's Position On Its Request For A Stay

The remediation work that is the basis for Angiotech's claim to the escrow funds is ongoing at numerous sites in the United States and abroad.  Angiotech estimates that the remediation will be substantially complete by summer of 2010.  Accordingly, Angiotech intends to file a motion for a stay of proceedings until the remediation work is substantially complete at all former AMIH facilities.  Contrary to RoundTable's implication below, counsel for Angiotech did not agree to any discovery schedule in the initial meet and confer discussions.  Instead, once it became clear that RoundTable intended to seek a far shorter case schedule than Angiotech believed could fairly allow both parties to present their claims and that a compromise position would not be forthcoming, counsel for Angiotech informed counsel for RoundTable that it could not agree to any discovery schedule and would discuss the matter further with Angiotech.

The parties will meet and confer to discuss an appropriate briefing schedule for Angiotech's motion for a stay.  Notwithstanding its request for a stay, Angiotech will exchange initial disclosures of witnesses and categories of documents on the July 24, 2008 deadline proposed by RoundTable, provided that both parties will be given an opportunity to freely amend those disclosures in good faith 30 days after the commencement of discovery, and thereafter consistent with the supplementation

obligations of the Federal Rules of Civil Procedure.

### D. Protective Order

RoundTable states that is willing to agree to a reasonable protective order simply to expedite the discovery process and resolution of this matter, which to date has been prevented by Angiotech's refusal to produce *any* documents evidencing *any* of Angiotech's claims.

Angiotech states that any alleged failure to provide documentation for its claim is due to RoundTable's refusal to cooperate with Angiotech in good faith to facilitate the exchange of information regarding Angiotech's claim to the escrow funds in a manner that would preserve the sensitive, confidential, and often privileged, nature of those materials. Angiotech believes that a reasonable protective order is both appropriate and necessary in this case and will negotiate with RoundTable in good faith to reach agreement.

After such negotiation, the parties will submit the proposed protective order for the Court's approval. Both parties have agreed that any protective order shall not limit or advance in any way the ability of either party to argue any position supporting its claim to the escrow funds under the Stock Purchase Agreement or the Escrow Agreement referenced in the pleadings in this case.

### E. Methods to Limit the Burdens and Costs Associated with Discovery

The parties discussed a number of methods to limit the costs and burdens associated with discovery. Regarding the retention of computer network back-up tapes, the parties agreed that, beginning on June 1, 2008, neither party will be required to preserve back-up tapes outside of the normal course of business. Instead, the parties agreed that both Angiotech and RoundTable may return to their usual back-up tape rotation. As the case proceeds, both parties agreed to negotiate in good faith regarding whether back-up tapes from before June 1, 2008 that have already been preserved may be

overwritten.

      Both parties agreed to negotiate in good faith regarding additional methods to control the cost and burden of discovery as the case proceeds. The parties agreed that the following methods of controlling discovery costs would be appropriate for this case: developing agreed lists of key custodians to limit the need to gather documents and electronically stored information from non-designated custodians; developing agreed search terms for electronically stored information; and designating key data sets to be gathered and searched.

      The parties will be prepared to discuss these issues at the June 24, 2008 Rule 16 conference.

DATED: June 17, 2008                                 Respectfully submitted,
New York, NY

SPEARS & IMES LLP                           HELLER EHRMAN LLP


By  s/ Jason Mogel                            By  s/ Warren J. Rheaume
    Jason Mogel                                    Warren J. Rheaume
    Linda Imes                                        (*Admitted Pro Hac Vice*)
    Spears & Imes LLP                       Malaika M. Eaton
    51 Madison Avenue                   (*Admitted Pro Hac Vice*)
    New York, NY 10010                 Heller Ehrman LLP
    Tel:  (212) 213-6996                  701 Fifth Ave., Suite 6100
    Fax:  (212) 231-0849                 Seattle, Washington 98104-7098
    LImes@spearsimes.com            Tel:  (206) 447-0900
    JMogel@spearsimes.com          Fax:  (206) 447-0849
                                                 warren.rheaume@hellerehrman.com
    F. Thomas Hecht                       malaika.eaton@hellerehrman.com
    Jacob M. Mihm
    Amy M. Gardner                      Chelsea J. Walsh (CW 1489)
    Ungaretti & Harris, LLP            Heller Ehrman LLP
    3500 Three First National Plaza   Times Square Tower
    Chicago, Illinois 60602            7 Times Square
    Tel:   (312) 977-4400                 New York, NY 10036-6524
    Fax:  (312) 977-4405                 Tel:   (212) 832-8300
    fthecht@uhlaw.com                  Fax:  (212) 763-7600
    jmmihm@uhlaw.com

| | |
|---|---|
| agardner@uhlaw.com | chelsea.walsh@hellerehrman.com |
| Attorneys for Plaintiff<br>RoundTable Healthcare Partners,<br>L.P. | Attorneys for Defendant<br>Angiotech Pharmaceuticals (U.S.),<br>Inc. |

(Consent granted to counsel for Angiotech Pharmaceuticals (U.S.), Inc. to sign on behalf of RoundTable Healthcare Partners, L.P.)

SE 2248204