UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROUNDTABLE HEALTHCARE PARTNERS, L.P., a Delaware Limited Partnership,<br><br>          Plaintiff,<br><br> v.<br><br>ANGIOTECH PHARMACEUTICALS (U.S.), INC., a Washington Corporation,<br><br>          Defendant. | **ANGIOTECH PHARMACEUTICALS (U.S.), INC.'S SUBMISSION PURSUANT TO COURT'S JUNE 24, 2008 ORDER**<br><br>Civil Action No.: 08-CV-02968 (MGC)<br><br>Filed Electronically |

    Pursuant to this Court's order of June 24, 2008, Defendant Angiotech Pharmaceuticals (U.S.), Inc. ("Angiotech") submits this statement regarding the case.

    Under the contracts between the parties, Angiotech has a right to indemnification from funds held in an escrow account for losses and damages Angiotech has suffered due to breaches of the representations and warranties made about eight medical device manufacturing facilities in the United States and abroad that Angiotech purchased from RoundTable Healthcare Partners, L.P. ("RoundTable"). After taking control of the facilities, Angiotech discovered numerous breaches of those representations and warranties, which has required Angiotech to embark on a multi-year process of fixing the problems with the facilities so that they meet regulatory standards. The type of problems Angiotech found cannot be fixed quickly, and indeed, Angiotech will not even know the full extent of its damages until the work is complete. Moreover, due to the nature of the problems at these facilities, the true amount of Angiotech's damages will not be capable of accurate estimation before remediation is complete or substantially complete.

    Angiotech believes that this case is appropriate for a stay pending completion or substantial completion of its remediation efforts. However, in light of the Court's instruction in this regard at the status conference on June 24, 2008, Angiotech will consider filing a motion to

dismiss with the case to be re-filed when the work at the facilities is done or nearly so.

Should the case not be stayed or dismissed, Angiotech believes that fact discovery cannot be closed until after the completion of remediation, which is currently projected to be complete in 2011, and that the parties should manage discovery so as to minimize duplicative discovery efforts in light of the ongoing remediation work at the facilities.  Closing discovery before the work is done will seriously prejudice Angiotech's ability to present its case.  Angiotech has no objection to a 90 day period for expert discovery following the close of fact discovery, and a 30 day period for the preparation and submission of motions for summary judgment, with trial following approximately three months later, consistent with the schedules proposed by both Angiotech and RoundTable in their Joint Report Pursuant to Rule 26(f).

DATED: July 1, 2008　　　　　　　　　　　Respectfully submitted,
New York, NY

　　　　　　　　　　　　　　　　　　　　　HELLER EHRMAN LLP


　　　　　　　　　　　　　　　　　　　　　By   s/ Warren J. Rheaume
　　　　　　　　　　　　　　　　　　　　　　　　Warren J. Rheaume
　　　　　　　　　　　　　　　　　　　　　　　　(*Admitted Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　　　　　Malaika M. Eaton
　　　　　　　　　　　　　　　　　　　　　　　　(*Admitted Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　　　　　Heller Ehrman LLP
　　　　　　　　　　　　　　　　　　　　　　　　701 Fifth Ave., Suite 6100
　　　　　　　　　　　　　　　　　　　　　　　　Seattle, Washington  98104-7098
　　　　　　　　　　　　　　　　　　　　　　　　Tel:  (206) 447-0900
　　　　　　　　　　　　　　　　　　　　　　　　Fax:  (206) 447-0849
　　　　　　　　　　　　　　　　　　　　　　　　warren.rheaume@hellerehrman.com
　　　　　　　　　　　　　　　　　　　　　　　　malaika.eaton@hellerehrman.com

　　　　　　　　　　　　　　　　　　　　　　　　Andrew Levine (AL 3552)
　　　　　　　　　　　　　　　　　　　　　　　　Heller Ehrman LLP
　　　　　　　　　　　　　　　　　　　　　　　　Times Square Tower
　　　　　　　　　　　　　　　　　　　　　　　　7 Times Square
　　　　　　　　　　　　　　　　　　　　　　　　New York, NY  10036-6524
　　　　　　　　　　　　　　　　　　　　　　　　Tel:     (212) 832-8300
　　　　　　　　　　　　　　　　　　　　　　　　Fax:    (212) 763-7600
　　　　　　　　　　　　　　　　　　　　　　　　andrew.levine@hellerehrman.com

　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　　　Angiotech Pharmaceuticals (U.S.), Inc.